I respectfully dissent from the majority's opinion as to Assignment of Error III. Based upon this court's opinion in Patton and the opinion I authored in Smith v. Baker (December 10, 1999), Perry App. No. 99CA13, unreported, I find the trial court was not obligated to record the in camera interview given the fact the parties did not timely request such. The majority holds a request for a record of the in chambers interview was not necessary in this particular case because of Fairfield County Loc.R. 28.1. Said rule is under the heading "Court Reporter" and states in pertinent part "[u]nless otherwise ordered by the Court, all matters of record shall be preserved by electronic record." The majority finds because it was not "otherwise ordered," appellant was justified in presuming the trial court would record the in chambers interview. This identical rule was applicable to the Smith case via Perry County Loc.R. 20. Also applicable in the Smith case was Perry County Loc.R. 13(1) which states as follows: In any civil litigation, including any domestic relations case, and any petty offense criminal case, if counsel for any party desires that a record be made of the proceeding in said court, said counsel shall notify the court, in writing, at least three (3) full working days prior to the time of the scheduled hearing or trial, of counsel's desire for a record.* * *
The Perry County Local Rules require a request for a record therefore, Perry County Loc.R. 20 cannot be interpreted as creating a presumption that a record will be taken. The language "all matters of record shall be preserved by electronic record" does not mean all matters shall be recorded but rather sets forth the method by which to record a matter i.e., by "electronic" means. Although the Fairfield County Local Rules do not contain a rule similar to Perry County Loc.R. 13(1), I interpret Fairfield County Loc.R. 28.1 in the same manner as I do Perry County Loc.R. 20. Based upon the foregoing, I would deny Assignment of Error III.